IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. E20110173

STEVEN RAYMOND ST. MARIE, an individual,

Plaintiff,

v.

WESTERN ELECTRICITY COORDINATING COUNCIL,

Defendant.

---

## COMPLAINT

---

### I. INTRODUCTION

1) This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by Section 7(b), 29 U.S.C. § 626(b), of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"), which incorporates by reference Section 16(b), 29 U.S.C. § 216(b), of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* and the law of the State of Colorado.

### II. JURISDICTION

2) The jurisdiction of the Court over this controversy is based upon Section 7(b) of the ADEA, 29 U.S.C. § 626(b), and 28 U.S.C. § 1337 to enforce the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* and the law of the State of Colorado.

1

3) The jurisdiction over this controversy is also based upon the Federal Diversity Jurisdiction Statute, 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III. VENUE

4) The unlawful employee practices alleged below were committed within the State of Colorado, where Plaintiff resides. Accordingly, venue lies in the United States District Court for the District of Colorado under 28 U.S.C. § 1391(b).

## IV. PARTIES

5) Steven Raymond St. Marie, Plaintiff herein, was an employee of the Defendant. He was born on October 20, 1953 and is 58 years old. At the time of his denial of promotion by Defendant, he was employed as a Reliability Coordinator with responsibilities in the Loveland area including Larimer County, Colorado. He reported directly to Mr. John Greenlaw, Defendant's Reliability Coordination Manager who was headquartered at the Defendant Company's District Office in Loveland, Colorado. Mr. St. Marie resides in Colorado.

6) Defendant, Western Electricity Coordinating Council, referenced herein as WECC, is the Regional Entity responsible for coordinating and promoting bulk electric system reliability in the Western Interconnection, and is headquartered in Salt Lake City, Utah. It maintains a District Office in Loveland, Colorado, from which it supervised the Plaintiff at the time of his denial of promotion. WECC is incorporated in the State of Utah.

7) WECC is engaged in an industry affecting commerce, as defined in Section 11(h) of the ADEA, 29 U.S.C. § 630(h). Defendant has employed 20 or more employees for each working day in each of the twenty of more calendar weeks in the current or preceding calendar year. Defendant is "an employer" within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## V. STATEMENTS OF FACTS

8) At the time of the adverse employment action and discrimination Defendant had employed Plaintiff since October 1, 2008.

9) On or about April 5, 2010 the position of Director of Reliability Coordination was posted.

10) On or about April 25, 2010 Plaintiff submitted his cover letter and resume in response to the posted position.

11) On information and belief, several other employees applied for the position, including several who were over the age of 40 at the time.

12) On or about July 7, 2010 the Plaintiff received notification, via posted announcement, that Michael Cassiadoro, age 32, was granted the position of Director of Reliability Coordination.

13) Mr. Cassiadoro was far less qualified for the posted position than Plaintiff and several other applicants over the age of 40.

14) On or about August 3, 2010 the Plaintiff contacted WECC's Human Resources Department and spoke with Melanie Frye. The Plaintiff inquired as to why he was not chosen for an interview and why he was not informed, internally, that the position had been filled, as is company policy. On or about August 11, 2010 Ms. Frye responded to the Plaintiff that his not being informed properly was an oversight and that the decision to hire was ultimately determined by Ms. Linda Perez.

15) On or about August 17, 2010 the Plaintiff contacted Linda Perez and scheduled a meeting with Ms. Perez for September 9, 2010.

16) On or about September 9, 2010 Ms. Perez did not show up for the scheduled meeting.

17) On or about September 14, 2010 the Plaintiff was informed, by Ms. Perez, that he was denied a promotion due to the fact that the Plaintiff took too much vacation time during time when the company needed his services as WECC was in the middle of applying for a NERC Certification.

18) Plaintiff informed Ms. Perez that his supervisor, John Greenlaw, had approved the vacation time.

19) The failure to promote Mr. St. Marie was based on discrimination on the basis of age.

20) On or about November 16, 2010 the Plaintiff filed formal charges of discrimination with the Colorado Civil Rights Division naming WECC as the Respondent.

21) On or about July 25, 2011 the Plaintiff received a letter from the Colorado Department of Regulatory Agencies. The letter outlined the case and stated, "Based on the evidence contained above, I determine that the Respondent has violated C.RS. § 24-34-402, as enacted." The letter is signed by an authorized designee of Director Steven Chavez.

22) On or about August 9, 2011 the Plaintiff received a letter from the Colorado Department of Regulatory Agencies, which notified the Plaintiff that a mandatory mediation appointment had been scheduled for September 12, 2011 at 9AM at the offices of the Colorado Civil Rights Division in Denver, Colorado.

23) On or about September 12, 2011 mediation took place between the Plaintiff and the Respondent, WECC.

24) On or about October 31, 2011 the Plaintiff received a notice from the Colorado Department of Regulatory Agencies stating that the matter could not be resolved through conciliation. The letter notified the Plaintiff that the Colorado Civil Right Division was dismissing the matter and that the Plaintiff had 90 days as of October 31, 2011 to file a civil action.

## VI. DAMAGES

25) As a direct and proximate result of the defendant's unlawful and discriminatory employment practices, the Plaintiff has suffered a loss of income, including past and future salary, full pension benefits, and other company-sponsored benefits in excess of $75,000.

26) Mr. St. Marie suffered and continues to suffer damages in excess of $75,000 as a direct and proximate result of the discrimination.

## VII. STATEMENT OF CLAIMS

### COUNT I

27) Plaintiff St. Marie reavers and incorporates by reference all of the allegations of all paragraphs herein. In addition, he avers that defendant's unlawful and discriminatory denial of promotion on account of age violates the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, justifying an award, *inter alia*, of back-pay, front pay, benefits and compensatory and liquidated damages against the Defendant.

### COUNT II

28) Plaintiff St Marie reavers and incorporates by reference all of the allegations of all paragraphs herein. In addition, Plaintiff avers that Defendants unlawful and discriminatory denial of promotion on account of age violates C.R.S. 24-34- 402, *et seq.*

## VIII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

29) Prior to filing this civil action, the Plaintiff timely filed formal charges of age discrimination with the Colorado Civil Rights Division and received notice of his right-to-sue, dated October 31, 2011. The Colorado Civil Rights Division failed to effect voluntary compliance with the requirements of the ADEA on the part of the Defendant through conciliation, conference and persuasion.

30) On August 9, 2011, the CCRD issued its Determination of Probable Cause, finding sufficient evidence to support Plaintiff's claim.

31) Or about November 7, 2011, Plaintiff requested a substantial review by the EEOC.

32) On January 25, 2012, Plaintiff requested the EEOC withdraw his request for a substantial review and requested a right-to-sue letter from the EEOC. The EEOC has not, as of the date of this Complaint, issued its right-to-sue notice; however, said notice is expected within a few weeks, after which Plaintiff will amend his Complaint as a matter of right, and serve Defendant. Plaintiff's filing of this Complaint is intended to preserve his rights to assert both his State and Federal claims of discrimination on the basis of age.

33) In conformance with C.R.S. § 24-34-101 *et seq.* and 29 U.S.C. §§ 626(d) and 633(b) the Plaintiff has filed this action subsequent to the expiration of sixty (60) days from the filing of the charge of discrimination with the Colorado Division of Civil Rights, and prior to the expiration of ninety (90) days from the time the Colorado Division of Civil Rights Issued Plaintiff Notice of his right-to-sue.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant as follows:

a) For money judgment representing compensatory damages, including lost wages, and all other sums of money, including retirement benefits and other employment benefits, together with interest on said amounts;

b) For money judgment representing liquidated damages for Defendant's willful violations of the Age Discrimination Act;

c) For a money judgment representing prejudgment interest;

d) For an Order directing the Defendant to reinstate the Plaintiff;

e) That the Court retain jurisdiction over this action until the defendant has fully complied with the Orders of this Court and that the Court require the Defendant to file such reports as may be necessary to supervise such compliance;

f) For the costs of suit, including an award of reasonable attorney's fees pursuant to 29 U.S.C. §§ 626(b) and § 216(b); and C.R.S. §24-34-101 et seq.

g) For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff herein demands trial by jury of all issues in this action.

Respectfully submitted this 26th day of January, 2012.

THE SCHMEHL LAW GROUP, PC

*/s/ James W. Schmehl*
James W. Schmehl,
The Schmehl Law Group, P.C.
219 West Magnolia
Fort Collins, CO 80521
Telephone: (970) 484-0225
Fax: (970) 484-8903
Email: jwslaw@frii.com