IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-cv-00233-LTB-KMT

STEVEN RAYMOND ST. MARIE,

    Plaintiff,

v.

WESTERN ELECTRICITY COORDINATING COUNCIL

    Defendant.

---

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

---

The parties, by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

1. This protective order applies to all documents, materials, information, and deposition testimony marked "CONFIDENTIAL" by a party that a party provides or discloses to an opposing party during this litigation.

2. Fed.R.Civ.P. 34 (a) (1) (A) provides the definition of "document" in this order. A draft or non-identical copy is a separate document within the meaning of this term.

3. "CONFIDENTIAL INFORMATION" means documents, materials, information, and testimony a party provides or discloses during this litigation that is marked or designated "CONFIDENTIAL" and is proprietary, confidential and not publicly available, or that implicates a privilege or legitimate privacy interest.

4. Documents a party intends to mark "CONFIDENTIAL" must first be reviewed by a lawyer for the party who will certify the "CONFIDENTIAL" designation is based on a good faith belief the information in the documents is confidential or otherwise entitled to protection.

5. CONFIDENTIAL INFORMATION must not be disclosed or used for any purpose except the preparation and trial of this case.

6. CONFIDENTIAL INFORMATION must not be disclosed without the consent of the party producing it or further order of the court, except such information may be disclosed to:

(a) attorneys working on this case;

(b) persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys to prepare for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the entity defendant;

(d) expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e) the court and its employees ("Court Personnel");

(f) stenographic reporters engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and,

(h) other persons by written agreement of the parties.

7. Documents are designated confidential by clearly and conspicuously placing or affixing on them the word "CONFIDENTIAL," or other appropriate notice, in a manner that will not interfere with their legibility.

8.      All depositions shall be treated as CONFIDENTIAL INFORMATION until the expiration of thirty (30) days after the deposition.  Whenever a deposition involves the disclosure of information a party regards as confidential, such party shall designate the information CONFIDENTIAL on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this protective order within thirty (30) days of the aforementioned notice.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this protective order until the court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL INFORMATION in accordance with this protective order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. As with all court filings, the parties shall comply with D.C.COLO.LCivR 7.2 as to any request to restrict access based on this protective order.

11. This protective order may be modified by the court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE AND ORDERED this 9th day of July, 2012.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE

STIPULATED TO AND APPROVED AS TO FORM this 5th day of July 2012.

| *s/ James W. Schmehl* | *s/ Peter F. Munger* |
|---|---|
| James W. Schmehl | Peter F. Munger |
| The Schmehl Law Group, P.C. | Jennifer S. Harpole |
| 219 West Magnolia | JACKSON LEWIS LLP |
| Fort Collins, CO 80521 | 950 Seventeenth Street, Suite 2600 |
| (970) 484-0225 - Telephone | Denver, CO 80202 |
| (970) 484-8903 - Fax | (303) 892-0404 – Telephone |
| jwslaw@frii.com | (303) 892-5575 - Fax |
|  | Peter.Munger@jacksonlewis.com |
| ATTORNEYS FOR PLAINTIFF | HarpoleJ@jacksonlewis.com |
|  | ATTORNEYS FOR DEFENDANT |